**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

MATTHEW LEBLANC, ET AL.                                   CIVIL ACTION

VERSUS                                                    25-619-SDD-SDJ

LOUISIANA INSURANCE
GUARANTY ASSOCIATION, ET AL.

<u>RULING</u>

This matter is before the Court on the *Motion to Dismiss on Behalf of Centauri National Insurance Company* (hereinafter, "the *Motion*") filed by Defendant Centauri National Insurance Company ("Centauri").[1] Plaintiffs Matthew Leblanc and Kaylan Leblanc (collectively, "Plaintiffs") filed an *Opposition*,[2] and Centauri filed a *Reply*.[3] For the following reasons, the *Motion* shall be granted.

## I.    BACKGROUND

Plaintiffs filed this lawsuit seeking insurance payments for damages allegedly sustained during Hurricane Ida, statutory damages for arbitrary and capricious claims handling, and reasonable attorney's fees and costs.[4] On August 29, 2021, Hurricane Ida struck and damaged Plaintiffs' property located at 31532 River Pines Drive, Springfield, Louisiana.[5] At the time, Plaintiffs had both homeowners insurance and flood insurance covering the property.[6]

---

[1] Rec. Doc. 9.
[2] Rec. Doc. 12.
[3] Rec. Doc. 20.
[4] Rec. Doc. 1-2, ¶ 20.
[5] *Id.* at ¶¶ 5, 9–10.
[6] *Id.* at ¶ 5.

After the hurricane passed, Plaintiffs timely registered claims for the resulting damage with both insurers.[7] Plaintiffs' claims were allegedly undervalued and/or underpaid.[8] Both insurers purportedly "failed and refused" to honor their respective insurance policies[9] and refused to pay for all hurricane related damage, including flood damage.[10] Centauri issued a letter partially denying Plaintiffs' flood damage claim on April 7, 2022.[11]

On August 25, 2023, Plaintiffs sued Louisiana Insurance Guaranty Association ("LIGA") and the National Flood Insurance Program ("NFIP") in the 21st Judicial District Court, Livingston Parish, Louisiana.[12] In their original *Petition*, Plaintiffs claimed they had a flood insurance policy, number 0000047091, with NFIP.[13] LIGA filed its *Answer to Petition for Damages* on October 4, 2023.[14]

On May 21, 2025, Plaintiffs filed an *Amended and Superseding Petition* ("*Amended Petition*"), which replaced NFIP with Centauri as a defendant.[15] Plaintiffs asserted that the insurer for their flood insurance policy number 0000047091 was Centauri.[16] Plaintiffs alleged that LIGA and Centauri's failure or refusal "to properly evaluate and/or pay" for Plaintiffs' damages was arbitrary and capricious.[17]

---

[7] *Id.* at ¶ 11.
[8] *Id.* at ¶ 13.
[9] *Id.* at ¶ 15.
[10] *Id.* at ¶ 18.
[11] Rec. Doc. 9-4. A denial letter was also sent via email on April 13, 2022, (Rec. Doc. 9-5) but the parties agree that Centauri sent this letter to the wrong email address. Rec. Doc. 12, p. 1; Rec. Doc. 20, p. 1.
[12] Rec. Doc. 1-4, p. 1.
[13] *Id.* at p. 2, ¶ 11.
[14] *Id.* at pp. 35–44.
[15] Rec. Doc. 1-2, ¶ 1(b).
[16] *Id.* at ¶ 5. Centauri provides standard flood insurance policies like the one at issue in this case through NFIP. Rec. Doc. 1-4, ¶ 11; Rec. Doc. 1, ¶ 13; Rec. Doc. 12, p. 1.
[17] Rec. Doc. 1-2, ¶ 19.

Centauri removed the case to this Court on July 15, 2025, pursuant to 28 U.S.C. § 1446.[18] The *Notice of Removal* asserts that this Court has jurisdiction over this case under 42 U.S.C. § 4072, 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367.[19] Centauri filed its *Answer and Affirmative Defenses* on July 22, 2025.[20] Subsequently, Centauri filed the *Motion*, seeking dismissal of Plaintiffs' breach of contract claims for untimeliness pursuant to 42 U.S.C. § 4072 and former Article VII(R)[21] of the Standard Flood Insurance Policy ("SFIP").[22] The *Motion* also argues that Plaintiffs' extra-contractual claims, including those for special damages, fees, and costs, are preempted and precluded as a matter of federal law.[23]

## II.    LAW AND ANALYSIS

### A. Rule 12(c) Standard

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."[24] The Court should accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."[25] However, the Court should not "strain to find inferences favorable to the plaintiff."[26]

---

[18] Rec. Doc. 1.
[19] *Id.* at ¶ 2.
[20] Rec. Doc. 7.
[21] The language Centauri quotes from SFIP Article VII(R) was redesignated as Article VII(O) in 2021. *Compare* Rec. Doc. 9-1, p. 5, *with* 44 C.F.R. pt. 61, app. A(1), art. VII(O) (2025).
[22] Rec. Doc. 9.
[23] *Id.*
[24] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).
[25] *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).
[26] *Taha v. William Marsh Rice Univ.*, No. 11-2060, 2012 WL 1576099, at *2 (S.D. Tex. May 3, 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

Further, the Court should not "accept as true conclusory allegations or unwarranted deductions of fact."[27]

A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[28] "The Court may also consider documents attached to a 12(c) motion without converting the motion into one for summary judgment, if the documents are 'referred to in the complaint and are central to the plaintiff's claim.'"[29] If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."[30] The Court, however, has "complete discretion" to exclude any such matters outside the pleadings.[31]

Here, the Court may consider the April 7 partial denial letter attached to the *Motion*.[32] The letter is dated April 7, 2022, and is addressed to Plaintiff Matthew Leblanc at the insured property's address.[33] The letter also identifies the policy number as 0000047091 and the date of loss as August 29, 2021.[34] Plaintiffs' original *Petition* and *Amended Petition* both seem to reference the letter when they allege that the flood insurance provider refused to pay for flood related damage incurred on August 29, 2021, that was allegedly covered under policy number 0000047091.[35] Additionally, the April 7

---

[27] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)).

[28] *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020) (quoting *Great Plains Tr. Co., v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

[29] *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 550 F. Supp. 3d 364, 370 (E.D. La. 2021) (quoting *Allen v. Hays*, 812 F. App'x 185, 189 (5th Cir. 2020)).

[30] Fed. R. Civ. P. 12(d).

[31] *Great Lakes Ins., S.E.*, 550 F. Supp. 3d at 370 (quoting *Allen*, 812 F. App'x at 189).

[32] Rec. Doc. 9-4.

[33] *Id.* at p. 1.

[34] *Id.*

[35] Rec. Doc. 1-4, p. 3, ¶ 19; Rec. Doc. 1-2, ¶ 18.

letter is central to Plaintiffs' claims against Centauri because without a denial, Plaintiffs have no viable claims.[36] Thus, it is appropriate to consider the letter as part of the pleadings.[37] The Court chooses to exercise its discretion and exclude the remaining attachments to the *Motion*, *Opposition*, and *Reply* as matters outside the pleadings.

## B. Rules and Regulations Applicable to Plaintiffs' Claims

The National Flood Insurance Act of 1968 ("NFIA") was enacted "to make flood insurance available on reasonable terms and to reduce fiscal pressure on federal flood relief efforts."[38] NFIA established NFIP, which is administered by the Federal Emergency Management Agency ("FEMA").[39] NFIP's "Write Your Own" ("WYO") program allows private insurers like Centauri to issue SFIPs in their own names on behalf of the federal government.[40] The SFIPs issued by WYO insurers must contain "the exact terms and conditions of the SFIP set forth in the FEMA regulations."[41] All SFIP claims are subject to a one-year statute of limitations.[42]

The WYO insurer acts as the government's fiscal agent.[43] The federal government underwrites the policies, and SFIP claims are paid from the United States Treasury.[44] When dealing with the government and seeking money from the public fisc, a private party

---

[36] *See Castleberry v. American Strategic Ins. Corp.*, No. 17-1138, 2021 WL 3699847, at *2 (M.D. La. Aug. 19, 2021) (dismissing lawsuit for failure to comply with the SFIP's requirements where the plaintiffs sued before the insurer issued a written denial).

[37] *See Bateman v. American Bankers Ins. Co. of Fla.*, No. 23-6338, 2024 WL 894790, at *2 (E.D. La. Mar. 1, 2024) ("Courts have generally concluded that when a plaintiff's complaint alleges the denial of all or part of an insurance claim, it is appropriate to consider the letter denying coverage under Rule 12(b)(6).") (listing cases in support).

[38] *Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 778 (5th Cir. 2019) (quoting *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009)).

[39] *Campo*, 562 F.3d at 754 (citing 42 U.S.C. § 4011(a)).

[40] *Id.*

[41] *Id.* (citing 44 C.F.R. §§ 61.4(b), 62.23(c)–(d) (2008); 44 C.F.R. pt. 61, app. A(1)).

[42] *Cohen*, 924 F.3d at 778 (citing 42 U.S.C. § 4072; 44 C.F.R. pt. 61, app. A(1), art. VII(R) (2018) (redesignated as 44 C.F.R. pt. 61, app. A(1), art. VII(O) in 2021).

[43] *Id.* (quoting *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998)).

[44] *Id.* (citing *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 342 (5th Cir. 2005)).

"must turn square corners."[45] Accordingly, an SFIP claimant "must comply strictly with the terms and conditions that Congress has established for payment," including the limitations period.[46]

### 1. Timeliness

NFIA provides the statute of limitations as well as the proper court for lawsuits regarding SFIPs:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, *within one year after the date of mailing of notice* of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim *in the United States district court* for the district in which the insured property or the major part thereof shall have been situated, and *original exclusive jurisdiction is hereby conferred upon such court* to hear and determine such action without regard to the amount in the controversy.[47]

This provision also applies to actions against WYO insurers.[48]

Additionally, the SFIP contains a similar provision.[49] Specifically, the SFIP provides:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit *within one year of the date of the written denial* of all or part of the claim, and *you must file the suit in the United States District Court* of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.[50]

---

[45] *Heckler v. Community Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 63 (1984).
[46] *Cohen*, 924 F.3d at 780.
[47] 42 U.S.C. § 4072 (emphasis added).
[48] *Ekhlassi v. National Lloyds Ins. Co.*, 926 F.3d 130, 135 (5th Cir. 2019).
[49] 44 C.F.R. pt. 61, app. A(1), art. VII(O) (2025).
[50] *Id.* (emphasis added).

Therefore, a lawsuit to recover under an SFIP must be filed in the appropriate United States District Court within one year after a notice of denial.[51] Section 4072 specifies that the statute of limitations begins once the notice is mailed.[52] Despite Plaintiffs' unsupported contention otherwise,[53] there is no requirement that the notice be received before the statute of limitations begins to run.

The parties agree that Plaintiffs' claims for flood damage were denied or partially denied.[54] Centauri claims it "issued a partial denial letter on April 7, 2022."[55] Plaintiffs do not deny that the letter was mailed. They instead argue about semantics and the lack of evidence before the Court to prove that the April 7, 2022, letter was mailed.[56] First, the Court sees no merit to Plaintiffs' argument that claiming a letter was "issued" is insufficient to satisfy the "mailing" requirement in § 4072.[57] Second, because the Court has decided not to convert the *Motion* to a motion for summary judgment, the Court's analysis focuses on the substance of the pleadings, including, as explained above, the April 7, 2022, letter.[58] The Court does not look to whether that substance is supported by evidence. Thus, Plaintiffs' arguments are unavailing.

Additionally, Plaintiffs' argument that the April 7 letter cannot serve as the written denial for their claims for building damages[59] is incorrect. This letter denies claims made

---

[51] 42 U.S.C. § 4072; 44 C.F.R. pt. 61, app. A(1), art. VII(O) (2025).

[52] 42 U.S.C. § 4072.

[53] Rec. Doc. 12, p. 3 (stating "the law makes clear that the notice must be mailed and, in fact, reach the insured").

[54] *See* Rec. Doc. 1-2, ¶ 18 (alleging Defendants' refusal to pay for flood damage); Rec. Doc. 1-4, p. 3, ¶ 19 (same); Rec. Doc. 9-1, p. 1 (mentioning denial of all or part of Plaintiffs' flood claim).

[55] Rec. Doc. 9-1, p. 7.

[56] Rec. Doc. 12, pp. 1–2, 4–5.

[57] *See Verret v. SafeCo Ins. Co. of Am.*, No. 23-2292, 2023 WL 5608018, at * 4 (E.D. La. Aug. 30, 2023) (finding a denial letter that was issued via email, rather than traditional mail, started the statute of limitations on the date of transmission).

[58] *See* Fed. R. Civ. P. 12(d) (stating that a Rule 12(c) motion must be treated as one for summary judgment if matters outside the pleadings are presented and not excluded).

[59] Rec. Doc. 12, pp. 5–6.

for contents damage,[60] building damage (such as damage to the roof, duct work, ceiling insulation, and siding),[61] and damage to Plaintiffs' boat dock.[62] The letter also states that Centauri "will continue to review and consider requests for additional payment" if Plaintiffs request such a payment and provide the appropriate documentation.[63] Though Centauri continued to process Plaintiffs' claim, the letter was a denial of coverage for the specified portions of Plaintiffs' claim, including certain building damages.[64] Thus, the April 7, 2022, letter was a written denial[65] sufficient to start the statute of limitations.

Centauri argues Plaintiffs' claims against it are untimely because they were not filed in this Court on or before April 7, 2023, one year after the denial letter was sent.[66] Section 4072 confers original jurisdiction over SFIC claims upon the federal district courts.[67] Therefore, filing such an action in state court does not stop the statute of limitations from running.[68] This case was not brought before this Court until July 15, 2025, which is over one year after the April 7, 2022, letter was issued. Therefore, Centauri's *Motion* shall be granted because the SFIP claims are untimely.

## 2. Preemption

The *Amended Petition* asserts that "Defendants are liable to Plaintiffs for breach of contract and damages," which damages include "the amount of Plaintiff's [sic] loss and

---

[60] Rec. Doc. 9-4, p. 1.

[61] *Id.* at pp. 1–2.

[62] *Id.* at p. 2.

[63] *Id.* at p. 3.

[64] *See Armstrong v. Wright Nat'l Flood Ins. Co.*, No. 1:17cv175, 2018 WL 9618065, at *2 (S.D. Miss. Mar. 5, 2018) (stating that "[r]econsideration of the denial or responding to further inquiries about the claim has no effect on the running of the limitations period").

[65] The letter includes a FEMA "Policyholder Rights" page, which informs Plaintiffs of their options (working with the insurer, filing an appeal, and filing a lawsuit) if they disagree with Centauri's denial. Rec. Doc. 9-4, p. 4.

[66] Rec. Doc. 9-1, pp. 7–8.

[67] 42 U.S.C. § 4072.

[68] *Ekhlassi*, 926 F.3d at 139.

damages covered, statutory damages for Defendants' arbitrary and capricious actions, attorney fees and court costs."[69] Centauri argues that Plaintiffs' extracontractual claims for "general, special, and punitive damages under Louisiana state law, attorney's fees, expenses, pre-judgment and post judgment interest and all other relief are preempted and precluded as a matter of federal law."[70] Plaintiffs assert the preemption argument is moot because they "are not asserting claims for fees or improper claim handling" against Centauri.[71] However, the plain language of the *Amended Petition* seems to raise these claims against both LIGA and Centauri.

All disputes arising from the WYO insurer's SFIP issuance, administration, or claims handling "are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, *et seq.*), and Federal common law."[72] Therefore, when a plaintiff's claims stem solely from her SFIP issued by a WYO insurer, "any claims for damages, penalties, and attorney's fees under state law are preempted."[73] Additionally, Plaintiffs cannot recover legal interest.[74] Accordingly, Plaintiffs' extracontractual state law claims for statutory damages, attorney's fees, expenses, and legal interest are preempted and must be dismissed.

### C. Leave to Amend

Plaintiffs' *Opposition* asks for leave to amend the *Amended Petition* to add a due process claim.[75] This new claim would arise out of Plaintiff's alleged "non-receipt of all

---

[69] Rec. Doc. 1-2, ¶ 20.
[70] Rec. Doc. 9-1, pp. 1–2.
[71] Rec. Doc. 12, p. 7.
[72] 44 C.F.R. pt. 61, app. A(1), art. X (2025).
[73] *Wagner v. American Bankers Ins. Co. of Fla.*, No. 23-4826, 2024 WL 2387925, at *4 (E.D. La. May 23, 2024).
[74] *Sharpe v. American Nat'l Prop. & Cas. Co.*, No. 13-161, 2013 WL 6096413, at *2 (E.D. La. Nov. 20, 2013).
[75] Rec. Doc. 12, pp. 6–7.

denial correspondence on which Centauri relies."[76] Plaintiffs assert that they did not receive the April 7, 2022, letter or the follow up email from Centauri dated April 13, 2022.[77] Plaintiffs also offer to use the requested leave to amend "to straighten out" the "somewhat unclear" claims for fees and improper claims handling.[78]

Plaintiffs provide the Court with no further information regarding, and no authority supporting, their proposed due process claim. Though Plaintiffs' *Opposition* claims they never received denial correspondence from Centauri prior to the *Motion* being filed,[79] the *Petition* and *Amended Petition* indicate otherwise. Both claim there was a refusal to honor the terms of the policy and to pay Plaintiffs' flood damage claim, which refusal is the basis for this suit against Centauri.[80] It is unclear to the Court how Plaintiffs knew about the denial of their flood damage claim if they never received notice of such denial. After reviewing the allegations of the *Amended Petition* and viewing them in the light most favorable to Plaintiffs, the Court does not see how Plaintiffs could plausibly allege a due process violation.[81] Thus, based on the limited information Plaintiffs provided regarding their request for leave, the Court finds that granting such leave would be futile.

Moreover, the original *Petition* was filed on August 25, 2023, and included allegations that the flood damage claim was denied.[82] Thus, if the claim was denied without notice, Plaintiffs would have been aware of this alleged due process violation since August 25, 2023, at the latest. Plaintiffs do not explain, however, why they did not

---

[76] *Id.* at p. 7.
[77] *Id.*
[78] *Id.*
[79] *Id.* at pp. 1, 6–7.
[80] Rec. Doc. 1-4, p. 3, ¶¶ 16, 19; Rec. Doc. 1-2, ¶¶ 15, 18.
[81] *See Martinez v. Nueces County, Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (stating that leave to amend may be denied as futile if the proposed amended pleading would be subject to dismissal).
[82] Rec. Doc. 1-4, p. 3, ¶ 19.

raise this due process claim earlier in the litigation. Considering the unexplained delay in seeking leave to add the alleged due process claim to the case and the futility of such claim, the Court sees no reason to grant Plaintiffs' request for leave. Therefore, the request is denied.

### III.    CONCLUSION

For the foregoing reasons, the *Motion to Dismiss on Behalf of Centauri National Insurance Company*[83] is **GRANTED**. Plaintiffs' claims against Defendant Centauri National Insurance Company are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' request for leave to amend[84] the *Amended Petition* is **DENIED**.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 25 day of March, 2026.

SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[83] Rec. Doc. 9.
[84] Rec. Doc. 12, pp. 6–7.